IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JOHN BENJAMIN KURKOWSKI,<br><br>Movant. | Case Nos. 4:04-cr-00086-BLW<br>4:16-cv-00276-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1, Crim. Dkt. 32. The motion is fully briefed. Having reviewed the filings in this matter, the Court will deny Petitioner's Motion without a hearing.

# BACKGROUND

On September 29, 2004 Petitioner Kurkowski pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) (Count One) and one count of brandishing a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1) (Count Two). Crim. Dkts. 22, 23. Mr. Kurkowski's conviction for Count One constituted the "crime of violence" that served as the basis for his conviction and sentence to Count Two. *See* Crim. Dkt. 18 at 4. At sentencing, the Court calculated the Defendant's total combined

**Memorandum Decision and Order - 1**

offense level of 23 with a Criminal History Category of IV. Crim. Dkt. 25 at 1. As such, Count One carried a guideline range of 70 to 87 months imprisonment, with a statutory maximum of 240 months. *Id*. Count Two carried a mandatory minimum sentence of 84 months to run consecutive to any other sentence imposed. *Id*; *see also* 18 U.S.C. § 924(c)(1)(A)(ii). On January 4, 2005, the Court sentenced Mr. Kurkowski to a total of 171 months' imprisonment: 87 months for Count One, and 84 months for Count Two, to be served consecutively. Crim. Dkts. 25, 26. Until now, Petitioner Kurkowski had neither appealed nor collaterally attacked his conviction or sentence. Crim. Dkt. 11 at 11.

Petitioner now challenges the constitutionality of his sentence based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1208 (2018). In *Johnson*, the Supreme Court invalidated a prisoner's sentence under the Armed Career Criminal Act because the definition of "violent felony" as a predicate crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. 135 S. Ct. at 2557; 18 U.S.C. § 924(e)(2)(b)(ii). The Court in *Dimaya* invalidated a similarly-worded definition of "crime of violence" in the Immigration and Nationality Act ("INA") because it likewise "devolv[ed] into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice." *Dimaya*, 138 S. Ct. at 1223; 18 U.S.C. § 16(b). Petitioner believes his sentence for Count Two—brandishing a firearm during a "crime of violence"—should be vacated because the definition of the predicate "crime of violence" in § 924(c) is unconstitutional following *Johnson* and *Dimaya*. *See* Civ. Dkt. 1;

**Memorandum Decision and Order - 2**

18 U.S.C. § 924(c)(3)(B). For the reasons that follow the Court will deny Petitioner's motion.

## LEGAL STANDARD

To state a cognizable claim under 28 U.S.C. § 2255, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id*. at 1062–63.

## ANALYSIS

Petitioner Kurkowski argues the Court should vacate his sentence for Count Two because bank robbery should no longer be considered a predicate "crime of violence" for purposes of § 924(c)(3). That is so, Petitioner believes, because § 924(c)(3)(B) suffers

**Memorandum Decision and Order - 3**

from the same unconstitutional vagueness identified by the Supreme Court in the statutes at issue in *Johnson* and *Dimaya*. Civ. Dkt. 14 at 7. The Government responds that Petitioner's § 2255 claim is both procedurally defective and without merit. *See* Civ. Dkt. 11. The Court finds it unnecessary to address the Government's procedural arguments or to reach the question of whether § 924(c)(3)(B) is unconstitutionally vague. Under controlling Ninth Circuit precedent, Petitioner's bank robbery conviction constitutes a "crime of violence" predicate offense for purposes of Count Two. *See United States v. Watson,* 881 F.3d 782 (9th Cir.)(per curiam), cert. denied, 139 S.Ct. 203, (2018). Therefore, the Court will deny Petitioner's motion.

1. **Bank Robbery is a "Crime of Violence" Under 18 U.S.C § 924(c)(1)(A)**

Count Two of Petitioner's indictment, charges him with brandishing a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1). In turn, § 924(c)(1) defines a "crime of violence" as a felony that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section (A) is known as the "force clause" and is satisfied if the predicate crime has as an element the use of "'violent' physical force—'that is force capable of causing physical pain or injury.'" *Watson*, 881 F.3d at 784 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). The Ninth Circuit, in *Watson*, held that a conviction for bank robbery under § 2113(a) constitutes a "crime of violence" under the

**Memorandum Decision and Order -** 4

"force clause," § 924(c)(3)(A). 881 F.3d at 784. The Defendants in *Watson* were convicted of robbing a bank while armed with handguns under § 2113(a), just like Petitioner here. *See Id.*; Crim. Dkt. 18 at 4-5. In *Watson,* the Ninth Circuit heard and rejected the very same arguments Petitioner Kurkowski now raises in his § 2255 motion, that "bank robbery no longer qualifies as a crime of violence." *Id;* Crim. Dkt. 18 at 4-5. Because the Ninth Circuit has addressed Petitioner Kurkowski's arguments and held bank robbery fits the definition of "crime of violence" in § 924(c)(3)(A), the Court finds his sentence for Count Two is constitutional and denies Petitioner's § 2255 motion.

2. **Certificate of Appealability**

Rule 11(a), Rules Governing Section 2255 Cases, requires that in such cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The standard for issuing a certificate of appealability is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To meet the "threshold inquiry" on debatability, the Ninth Circuit instructs that the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart,* 220 F.3d 1022,

1025 (9th Cir. 2000)(internal citations omitted). Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling. *See id*. at 1025–26.

Petitioner has not demonstrated the denial of a constitutional right or that reasonable jurists would find Petitioner's claims debatable. Defendant's challenge to his conviction and sentence under § 924(c) runs directly contrary to controlling Ninth Circuit authority. *See Watson* 881 F.3d at 786. The *Watson* decision is binding precedent on this Court, and as the Ninth Circuit noted, it reached the same conclusion as "every other circuit to address the same question." *Id*. at 785. Therefore, the Court will not grant Petitioner a certificate of appealability.

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that,

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1), (Crim. Dkt. 32) is DENIED. The Court shall issue a separate judgment as required by Rule 58(a).
2. Petitioner is denied a certificate of appealability as to his claim that federal bank robbery is not a crime of violence under 18 U.S.C. § 924(c).



DATED: January 9, 2019

_____
B. Lynn Winmill
U.S. District Court Judge